UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

AL P. WILLIAMS,

        *Plaintiff*,

v.

FORT MYER CONSTRUCTION CORP., *et al.*,

        *Defendants*.

No. 23-cv-3466 (DLF)

## ORDER

Al P. Williams, proceeding without a lawyer, says that the Fort Myer Construction Corporation discriminated against him on the basis of his disability. Before the Court is the defendants' Motion to Dismiss. Dkt. 14. For the reasons that follow, the Court will grant the defendants' motion in part.

Until 2022, Williams worked "in an administrative role for Fort Myer." Dkt. 16 at 4. In November 2022, he was hospitalized "because . . . [he] kept having seizures." Second Amend. Compl. at 5, Dkt. 11. Afterwards, when he asked for a reasonable accommodation, Fort Myer fired him. Dkt. 16 at 4–5.

Williams sued Fort Myer, its Human Resources department, and its Deputy Director for Human Resources. Second Amend. Compl. at 2. He sought relief for discrimination, wrongful termination, and failure to accommodate under the Americans with Disabilities Act. *Id.* at 4–5. (He also checked a box indicating that he sought relief under "[r]elevant state law," *id.* at 3, but did not identify the state law in question.) Fort Myer moves to dismiss. Dkt. 14.

In federal court, a plaintiff's complaint must contain factual matter sufficient to "state a claim for relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Complaints that do not state a claim face dismissal. Fed. R. Civ. P. 12(b)(6). To state a plausible claim for relief, a complaint must "plead[] factual content that allows [a] court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

To state a claim for failure to accommodate under the Americans with Disabilities Act, a plaintiff must allege (1) that he was disabled, (2) that he was qualified for his job, (3) that his employer knew about his disability, and (4) that his employer denied his request for a reasonable accommodation. *Ward v. McDonald*, 762 F.3d 24, 31 (D.C. Cir. 2014). To state a claim for disability discrimination or wrongful termination under the Act, a plaintiff must allege (1) that he was disabled, (2) that he was qualified for his job, and (3) that he suffered an adverse employment action because of his disability. *Giles v. Transit Emp. Fed. Credit Union*, 794 F.3d 1, 5 (D.C. Cir. 2015). In addition, the Act prohibits discrimination only by employers. 42 U.S.C. § 122112(a). It does not make individual employees liable for disability discrimination against or for failing to accommodate their coworkers or subordinates. *See, e.g.*, *Jones v. Wash. Times*, 668 F. Supp. 2d 53, 57 (D.D.C. 2009) (citing cases).

Given these requirements, Williams's complaint fails to state a claim. *First*, Williams does not state a claim against Fort Myers' Human Resources department and its Deputy Director for Human Resources because neither counts as Williams's employer. As an employee of Fort Myer rather than an employer, the Deputy Director cannot be sued under the Americans with Disabilities Act. *Jones*, 668 F. Supp. at 57. And the Human Resources department is not the sort of entity that can be sued at all. *Cf.* Fed. R. Civ. P. 17(b).

*Second*, Williams' current complaint does not state a claim against Fort Myer because it does not allege facts making it plausible that Williams is qualified for his job. A qualified employee can perform his job's essential functions—*e.g.*, do his job well—if given a reasonable accommodation. 42 U.S.C. § 12111(8); *see, e.g.*, *Gibson v. Gables Res. Servs., Inc.*, No. 21-cv-2952, 2024 WL 1239667, *3 (D.D.C. Mar. 22, 2024). Here, together with its supporting exhibits, Williams' complaint plausibly pleads that Williams has epilepsy, that his epilepsy counts as a disability, that Fort Myer fired Williams because of his disability, and that it refused to consider accommodating him in good faith. *Compare* Dkt. 11-1 at 4 at 7 ("I emailed [Fort Myer's H.R. department] and asked formally if Fort Myer would accommodate me . . . . When I arrived at the H.R. department for Fort Myer I was told . . . I would be terminated . . . . No one ever asked me about my possible performance after my diagnosis [and] I was never given an opportunity [to] try and see if I could do [my] job."), *with Ward v. McDonald*, 762 F.3d at 31–32 (explaining that, to satisfy the requirements of the Americans with Disabilities Act, an employer must engage in a "good-faith dialogue . . . to determine an appropriate accommodation" for a disabled employee). But it does not establish that Williams could do his job well, with or without a reasonable accommodation, despite his epilepsy. Indeed, besides alleging that his role at Fort Myer was "administrative," Dkt. 16-4, Williams has not told the Court anything about his job at all. Without more "factual content" about Williams' role, the Second Amended Complaint fails to state a claim. *Iqbal*, 556 U.S. at 678.

For these reasons, and because Williams "could not allege additional facts" that would allow him to sue the Deputy Director or the Human Resources department, the Court will dismiss Williams' claims against those defendants with prejudice. *Belizan v. Hershon*, 434 F.3d 579, 584 (D.C. Cir. 2006). Because Williams could possibly state a claim against Fort Myer by describing

3

his job there in more detail and because other factors do not cut against denying leave to amend, the Court will dismiss Williams' claims against Fort Myer without prejudice. *Id.*; *see Firestone v. Firestone*, 76 F.3d 1205, 1208–09 (D.C. Cir. 1996) (per curiam).

Accordingly, it is

**ORDERED** that the plaintiff's claims against Arlinda Page, Deputy Director of Human Resources for Fort Myer Construction Corporation, and the Fort Myer Construction Corporation's Human Resources department are **DISMISSED** with prejudice. It is further

**ORDERED** that the plaintiff's claims against Fort Myer Construction Corp. are **DISMISSED** without prejudice. It is further

**ORDERED** that the plaintiff may file a Third Amended Complaint on or before May 1, 2024. The Third Amended Complaint should provide details regarding the job the plaintiff held at Fort Myer and explain why, in the plaintiff's view, the plaintiff could perform his job's essential functions with or without a reasonable accommodation.

**SO ORDERED.**


April 10, 2024

DABNEY L. FRIEDRICH
United States District Judge